# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| J.P., A MINOR BY HIS MOTHER AND NATURAL GUARDIAN, KIERRA ALLEN, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PALMER RECOVERY ATTORNEYS, LLC f/k/a PALMER, REIFLER & ASSOCIATES, | (Unlawful Debt Collections Practices) |
| Defendant. | |

## **COMPLAINT**

J.P. ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against PALMER RECOVERY ATTORNEYS, LLC f/k/a PALMER, REIFLER & ASSOCIATES ("Defendant"):

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Delaware therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. J.P. is a natural person residing with his mother in Dover, Delaware.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant is a corporation with its principal place of business located at 1900 Summit Tower Blvd., Suite 600, Orlando, Florida 32810.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone number as a cellular telephone.

15. Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt owed by a third party named Phyllis Watson.

16. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

17. By way of background, beginning in or around February 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect an alleged consumer debt owed by Phyllis Watson.

18. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (888) 284-3185. The undersigned has confirmed that this number belongs to Defendant.

19. When the calls first began in February 2016, Plaintiff J.P. was eleven years old, and his mother, Ms. Allen, immediately told Defendant it had the wrong number and to stop calling her son, revoking any consent Defendant may have previously had to call Plaintiff's phone number.

20. Once Defendant knew it had the wrong number, was calling a minor, and knew that its calls were unwanted, any further calls could only have been for the purpose of harassing Plaintiff.

21. Despite Ms. Allen's clear request for calls to cease to her son's cellular telephone, the calls continued between April 2016 and May 2016.

22. During this time, Ms. Allen told Defendant on several occasions to stop calling her son's number.

23. These calls were very frustrating for Plaintiff as he was in school during this time and would receive calls before 8:00am and during school hours.

24. Calls at these times could only have been placed for the purpose of harassing Plaintiff.

25. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

26. Plaintiff knew that Defendant was using an automated telephone dialing system and/or pre-recorded voice as calls would begin with a pre-recorded message before a live caller would come on the phone.

27. Defendant's calls were not for emergency purposes.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

28. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated §§1692d and d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to contact an unknown third party named Phyllis Watson knowing they had the wrong number and their telephone calls were unwanted, and calling Plaintiff at times that it should have known to be inconvenient particularly to a minor in school such as prior to 8:00am and during school hours.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA**

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes as they were attempting to contact an unknown third party.

34. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, J.P., respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h.    Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, J.P., demands a jury trial in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                      RESPECTFULLY SUBMITTED,

                                      KIMMEL & SILVERMAN, P.C.

Date:  4/3/17                     By:*/s/ W. Christopher Componovo*
                                    W. Christopher Componovo
                                    Kimmel & Silverman, P.C.
                                    Silverside Carr Executive Center
                                    Suite 118, 501 Silverside Road
                                    Wilmington, DE 19809
                                    Phone: (302) 791-9373
                                    Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT